Opinion by
Mr. Chief Justice McWilliams.
*25 Jimmy Vaughn, Jr., hereinafter referred to as the petitioner, filed a petition in the nature of habeas corpus against Mose Trujillo, ex-officio sheriff of the City and County of Denver and Warden of the Denver County Jail, and the relief prayed for was petitioner’s outright release and discharge from the jail. The trial court denied the petition and by this particular writ of error Vaughn now seeks reversal of the judgment and order dismissing his petition.
Petitioner was convicted on July 19, 1967 of the crimes of aggravated robbery and assault with a deadly weapon. Within 10 days thereafter his counsel filed a motion for new trial and this motion was orally argued on September 15, 1967 before the Honorable Carl W. Fulghum, a district judge of the Ninth Judicial District who was sitting on assignment from this Court in the Denver District Court.
On January 7, 1968, the petitioner, pro se, drew up the petition with which we are here concerned. In this petition it was alleged that the trial court had not yet ruled on petitioner’s motion for new trial and that the trial court, because of its inaction, had therefore lost jurisdiction. Accordingly, petitioner sought immediate discharge from custody. This petition, though apparently drawn on January 7, 1968, was not docketed with the trial court until January 22, 1968. In the meantime, on January 18, 1968 to be exact, the trial judge did enter an order denying petitioner’s motion for new trial.
It was in this general factual setting then that petitioner’s request for habeas corpus relief came on for hearing on January 25, 1968 and, as indicated, the petition was denied. Petitioner argued in the trial court, as he does here, that his right to a speedy trial guaranteed by both the state and federal constitutions had been violated by the delay in ruling on his motion for a new trial and that the trial court had lost jurisdiction of the entire matter.
To complete the factual background of this matter it should also be noted that: (1) on January 29, 1968 pe *26 titioner filed a similar petition in this Court, which petition was denied on February 8,1968; (2) on February 27, 1968 the United States District Court for the District of Colorado denied a similar petition for habeas corpus filed by the petitioner in that court; (3) on April 22, 1968 the United States Court of Appeals, Tenth Circuit, in an unpublished opinion, affirmed the judgment of the United States District Court; and (4) on October 14, 1968 the United States Supreme Court denied petitioner’s request for certiorari.
The United States Court of Appeals, Tenth Circuit, in granting a motion to affirm the judgment of the United States District Court, made the following pertinent comment:
“We find no violation of any federally protected right and consider the issue so unsubstantial as not to require further argument.”
Similarly, our review of the matter leads us to conclude that there has been no violation of any of petitioner’s rights under state law which would entitle him to discharge from custody. There is nothing before us to indicate that the trial court purposely and oppressively delayed its decision on the motion on the new trial and under all the circumstances we do not deem it to be an inordinate delay.
It should be noted that on February 23, 1968 petitioner was sentenced to a term of two years and ten months to six years on the aggravated robbery conviction and to a term of one year and ten months to five years on the assault charge, such terms to be served concurrently. And by separate writ of error — not yet at issue — petitioner is seeking review of the aforesaid conviction and sentences imposed in connection therewith.
Judgment affirmed.
Mr. Justice Pringle, Mr. Justice Kelley and Mr. Justice Lee concur.